Manuel W. Levine, J.
In this article 78 proceeding petitioner moves to renew or reargue. The basis for this is that the court overlooked a provision (§ 10, subd. [p]) of the Building Zone Ordinance. Actually, this section was not submitted to the court which had requested a copy of the ordinance in effect in April of 1954-1955. In response to the request a copy of section 50 of the ordinance was provided. On its face a body repair shop was not a permitted use in 1954-55. Consequently, the court stated that petitioner did not have a nonconforming use. Subdivision (p) of section 10 has a direct bearing on this question and warrants re-examination of the question presented, and the memorandum of the court dated March 9, 1971 is recalled. At this point the court directs the parties, especially the village, that in future proceedings of this type a copy of the ordinance be provided for the court’s use.
A novel question is now presented to the court, to wit: May a person obtain a nonconforming use right when the use was commenced in a building constructed under an illegal building permit? This court is of the opinion that it may.
In 1950 the Incorporated Village of Cedarhurst amended its Building Zone Ordinance to prohibit gasoline service stations on Central Avenue. Petitioner’s predecessor in title owned and operated a service station on Central Avenue. In 1954 he obtained a building permit to erect a three-bay extension to the existing station, without obtaining a variance. Consequently, there was no right to use the extension for the prohibited use. *311 One bay of the extension was used in conjunction with the service station. The two remaining bays were rented out for use as an auto body repair shop commencing in the years 1954^55. In 1957 the village amended its ordinance to prohibit such repair shops.
It is the contention of the village that an auto body repair shop could only he operated after obtaining permission of the Board of Appeals. Examination of the Building Zone Ordinance negates this. In setting forth the permitted uses, subdivision (w) of section 50 provides: ‘ ‘ Public garages, except, however, that no public garage shall be permitted within 200 feet of any public or parochial school, or any place of worship built and now used for such purposes.” A public garage is defined in subdivision (p) of section 10 as follows: “ A ‘ public garage ’ is a building, other than a private garage, one or more stories in height, used for storage or repair of automobiles.” (Emphasis supplied.) A zoning ordinance is strictly construed as it is in derogation of the common law. (Matter of 440 E. 102nd St. Corp. v. Murdock, 285 N. Y. 298.) The phrase “ or repair of automobiles ” is generic and includes not only an auto body repair shop but any type of automobile repair. It is therefore clear that an auto body repair shop was a public garage and a permitted use in 1954-55.
The village says even if an automobile body repair shop were a permitted use in 1954 — 55 petitioner did not obtain a nonconforming use right because the permit for the building was illegal. That this contention would be sound if the use was a gasoline service station requires no citation of authority. The court has not found any cases on the question here presented nor has counsel supplied any. The rationale of the cases holding that no rights may be acquired under an illegal building permit is that the permit cannot confer rights in violation of the zoning ordinances. (City of Buffalo v. Roadway Tr. Co., 303 N. Y. 453, 463.) This is diametrically opposed to the facts here. In the instant proceeding the use was in accordance with the provisions of the zoning ordinance. If the permit had been issued to construct a public garage it would have been in conformity with the law. It is therefore the opinion of this court that petitioner has a nonconforming use right to operate an auto body repair shop on the premises.
Judgment is granted annulling the. determination of the Board of Trustees of the Incorporated Village of Cedarhurst. The request for relief against the Board of Appeals is dismissed as academic.